UNITED STATES, Appellee,

v.

Gregory F. VOGAN, 512–68–6761, a person subject to court-martial jurisdiction pursuant to Uniform Code of Military Justice article 2(a)(7).

ACMR 8903196.

U.S. Army Court of Military Review.

23 May 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before De GIULIO, NAUGHTON, and VARO, Appellate Military Judges.

OPINION OF THE COURT

VARO, Judge:

Pursuant to his pleas,[1] the appellant was convicted by a general court-martial composed of officer members of two specifications of larceny and four specifications of attempted larceny in violation of Articles 121 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 880 (1982). His approved sentence provides for confinement for eighteen months. At the time of his offenses and trial, the appellant was confined at the United States Disciplinary Barracks (USDB), serving a sentence from a prior general court-martial conviction.

The appellant's offenses stem from a mail scheme in which he fraudulently solicited funds. The appellant wrote some letters which stated he was in jail and destitute, and then asked for money to help him buy gifts for his daughter's birthday. He also wrote letters seeking compensation for alleged injuries he received from using various products (for example, a false claim for repairing a tooth broken by a rock found in a candy bar). Following receipt of allegations against the appellant, officials at the USDB placed him in "administrative

---

1. Pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(a)(2) [hereinafter R.C.M.] and his pretrial agreement with the convening authority the appellant entered a conditional plea of guilty by which he reserved further review and/or appeal on his motion to dismiss for lack of speedy trial and on his motion in limine regarding involvement by Captain A, the Chief of Military Justice, in the appellant's case. These issues are addressed below.

segregation pending investigation" (ASPI)[2] on 29 July 1988. He remained in either the controlled ASPI or "administrative segregation" (AS) environment for 132 days. He was returned to his normal prisoner status on 8 December 1988. Although the USDB investigating personnel had most of the information necessary for the charges in this case by late September 1988, the investigation into the appellant's activities remained open until 22 February 1989. This delay was caused by a separate investigation by the Federal Bureau of Investigation (FBI) regarding additional letters threatening product tampering. The FBI investigation revealed that the letters differed significantly in both style and purpose from those sent by the appellant, and that the appellant was not the author. On 9 June 1989, charges were preferred against the appellant for the letters which the USDB investigation determined were sent by him. The appellant was brought to trial on 24 August 1989.

At trial and before this court, the appellant asserts that the military judge erred in failing to grant the appellant's motion to dismiss the charges due to violations of the appellant's right to a speedy trial. The appellant's assertions have two bases:

a. First, that his placement in ASPI status on 29 July 1988 constituted pretrial restraint or confinement under Rule for Courts–Martial 304(a), thus starting the speedy trial clock under Rule for Courts–Martial 707; and

b. Second, citing *United States v. Honican*, 27 M.J. 590 (A.C.M.R.1988) and *United States v. Boden*, 21 M.J. 916 (A.C.M.R. 1986), even absent pretrial restraint or confinement, the appellant was denied a speedy trial because the government possessed "substantial information" upon which to base preferral of the charges in September 1988, but failed to prefer them until 9 June 1989.

We disagree with the appellant's argument and hold he was not denied a speedy trial.

The case law cited by the appellant both at trial and on appeal deals solely with speedy trial issues related to pretrial confinement. The appellant places strong emphasis on this court's "totality of conditions" factors set forth in *United States v. Smith*, 20 M.J. 528, 530 (A.C.M.R.1985), *petition denied*, 21 M.J. 169 (C.M.A.1985). In *Smith*, this court set forth the factors used to determine if restriction is tantamount to confinement. A review of the appellant's prisoner status leads us to conclude that many of the *Smith* pretrial restraint factors cannot be applied to a prisoner already incarcerated. We have found no basis upon which to support the appellant's argument that placement in ASPI is tantamount to "confinement within confinement" so as to trigger the speedy trial clock of Rule for Courts–Martial 707. We reject the argument that the appellant, who is already in confinement, could also be held in pretrial restriction tantamount to confinement.

Neither the appellant, nor the government, nor this court have found any military case regarding the applicability of Rules for Courts–Martial 304, 305, and 707 to post-trial confinees. Our review of the analysis of these rules leads to a general conclusion that these provisions do not apply to post-trial confinees. The analysis does include specific comments and case citations holding that correctional custody for unrelated offenses does not start the speedy trial clock,[3] but these are not dispositive of the appellant's assertion. Although the appellant's basic confinement status resulted from unrelated offenses, his argument before this court rests on the fact that his placement in ASPI was directly related to the offenses for which he was tried.

Several federal cases address the post-trial speedy trial question before us. In *United States v. Mills*, 641 F.2d 785 (9th Cir.1981), *cert. denied*, 454 U.S. 902, 102

---

**2.** The regulatory standards for placing an inmate in ASPI are set forth in Army Reg. 190–47, Military Police: The United States Army Correctional System, para. 9–5 (1 Nov. 1980). These include, *inter alia*, pending investigation of an alleged offense.

**3.** R.C.M. 707 analysis, app. 21, at A21–37.

S.Ct. 409, 70 L.Ed.2d 221 (1981), the Ninth Circuit Court of Appeals noted that "[a]dministrative segregation by the prison board [was] not an 'arrest' or 'accusal' for speedy trial purposes." The Court cited its prior opinion in *United States v. Clardy*, 540 F.2d 439 (9th Cir.1976), *cert. denied*, 429 U.S. 963, 97 S.Ct. 391, 50 L.Ed.2d 331 (1976), *cert. denied*, 429 U.S. 963, 97 S.Ct. 391, 50 L.Ed.2d 331 (1976), which held that "the identifying indicia of an arrest are absent in the prison setting." *Mills*, 641 F.2d at 787. Similarly, in *United States v. Jackson*, 781 F.2d 1114 (5th Cir.1986), the Fifth Circuit Court of Appeals, citing its prior determination in *United States v. Blevins*, 593 F.2d 646 (5th Cir.1979), concluded that:

> prison segregation is not an 'arrest' as defined in the [Speedy Trial] Act. In this case, Jackson was already confined to prison under sentence for another offense. His administrative segregation after the incident that triggered this case can easily be justified on general security grounds and cannot be said to be an 'arrest'.

*Jackson*, 781 F.2d at 1115.

While speedy trial issues under the Uniform Code of Military Justice are controlled by Rule for Courts–Martial 707 rather than the federal Speedy Trial Act,[4] in the absence of military case precedent, we find federal case law persuasive in determining the issue at bar.

As in *Mills* and *Jackson*, the appellant was already confined for other offenses. We also note that in *Mills* the delay between placement in administrative segregation and trial was ten months. As in *Mills*, the appellant suffered no prejudice from any delay in preferring charges in this case. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Rather, he merely maintained his status as a prisoner serving his four-year sentence.

■ In our opinion, the appellant's status change to ASPI did not change the basic nature of his pre-existing post-trial confinement. Therefore, we agree with the conclusions of the military judge that: the placement of the appellant in ASPI did not constitute pretrial restraint or confinement under Rules for Courts–Martial 304 or 305; the appellant suffered no prejudice; and that there were no violations of the appellant's Constitutional rights to due process nor of his rights to a speedy trial under R.C.M. 707. Further, although the government did have significant information upon which to prefer charges as early as September 1988, we hold that factor to be irrelevant when an accused already is in post-trial confinement. As such, we hold that the standards of *United States v. Honican* and *United States v. Boden*, cited above, are not applicable to such situations. We further note that because the appellant was brought to trial within 120 days of the date of preferral of charges, the broader issue of the applicability of Rule for Courts–Martial 707 to post-trial confinees in general, is not before the court.

■ One issue raised personally by the appellant warrants comment. The appellant asserted at trial, and again in his post-trial submissions to the convening authority pursuant to Rule for Courts–Martial 1105, that the government had improperly received information regarding the appellant's bank balance from Captain A, the Chief of Military Justice. On two occasions prior to assuming his military justice duties, Captain A had provided personal legal assistance to the appellant regarding a car loan and a child custody matter. This issue was fully litigated at trial and again at a post-trial Article 39(a) session directed by the convening authority pursuant to Rule for Courts–Martial 1102(d). The evidence presented to the military judge revealed that Captain A did have an attorney-client relationship with the appellant; that Captain A had gained no knowledge of the appellant's specific bank balance from this relationship as alleged; that the information regarding the bank balance was sought by military investigators after they found evidence of the account in question during a proper search of the appellant's

---

4. 18 U.S.C. § 3161(b) provides in part that an "information or indictment ... shall be filed within thirty days from the date on which [an] individual [is] arrested."

cell; that the investigators received knowledge of the actual balance by way of a telephone call to the financial institution involved; and that Captain A only became aware of the balance when he received the investigators' report on the case. When this matter was first raised to the military judge, he directed that Captain A take no further action with regard to prosecution of the appellant, to include even assisting in such prosecution. While this was not required, it clearly provided protection to the appellant for any matters he discussed with Captain A even though all were unrelated to his present court-martial.

We have considered the other issues raised personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and through counsel, and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge NAUGHTON concur.