UNITED STATES, Appellee,

v.

**Gregory F. VOGAN, Inmate, A Person in Custody of the Armed Forces, Appellant.**

No. 66,796.

CM 8903196.

U.S. Court of Military Appeals.

Argued April 9, 1992.

Decided Aug. 21, 1992.

For Appellant: *Captain Michael P. Moran* (argued); *Lieutenant Colonel James H. Weise* (on brief); *Major Michael J. Kelleher* and *Captain Alan M. Boyd.*

For Appellee: *Captain Robert J. Walters* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was convicted by a general court-martial composed of officer members of 2 specifications of larceny and 4 specifications of attempted larceny, in violation of Articles 121 and 80, Uniform Code of Military Justice, 10 USC §§ 921 and 880, respectively. His approved sentence provides for confinement for 18 months. The findings and sentence were affirmed by the Court of Military Review. 32 MJ 959 (1991).

Appellant's offenses stem from a mail fraud scheme, from May—July 1988, while he was confined at the United States Disciplinary Barracks (USDB), serving a sentence from a prior general court-martial conviction. After the mail-fraud allegations were made against appellant, officials at the USDB placed him in "administrative segregation pending investigation" on July 29, 1988, until December 8, 1988. Additionally, USDB officials failed to prefer charges against appellant until June 9, 1989, after they possessed "substantial information" to do so in July 1988.

At trial which commenced on August 24, 1989, the military judge denied appellant's motion to dismiss the charges due to violations of appellant's right to a speedy trial, concluding that appellant suffered no prejudice and there were no violations of appel-

lant's constitutional right to due process or of his right to a speedy trial under RCM 707, Manual for Courts–Martial, United States, 1984. The court below concurred with the conclusions of the military judge and also held that failure of USDB officials to prefer charges against appellant for 8 or 9 months after they had "significant information" to do so "to be irrelevant when an accused already is in post-trial confinement." 32 MJ at 961. We agree.

We granted review on the following issue:

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY HOLDING THAT A POST–TRIAL CONFINEE CANNOT, AS A MATTER OF LAW, ALSO BE HELD IN "PRETRIAL RESTRICTION TANTAMOUNT TO CONFINEMENT" SO AS TO TRIGGER THE SPEEDY TRIAL CLOCK OF RULE FOR COURTS–MARTIAL 707.

There are five sources of the right to a speedy trial in the military:

(1) Sixth Amendment speedy-trial guarantee;

(2) Due Process Clause of the Fifth Amendment;

(3) Articles 10 and 33 of the Code, 10 USC §§ 810 and 833, respectively;

(4) RCM 707, Manual for Courts–Martial, United States, 1984; and

(5) Case law.

The accused has raised three: the Sixth Amendment speedy-trial right; the Fifth Amendment due process right; and the Manual right under RCM 707. We will discuss the three sources raised by appellant.

■ As an initial matter, the Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." That right applies when there "is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge." *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). *See also Doggett v. United States,* —— U.S. ——, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). There is no clear analog to the "formal indictment or information" in the Armed Forces; however, preferral or referral of charges or pretrial restraint approach being analogous. The Sixth Amendment protection of the right to speedy trial does not apply in this case because of appellant's post-trial restraint. Appellant had already forfeited his freedom of movement and association as he was in prison when he committed the offenses at issue.

Thus, like the Court of Appeals in *United States v. Mills,* 641 F.2d 785 (9th Cir.), *cert. denied,* 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981), we do not think that there need be an ad hoc balancing test to determine whether there is a violation of the Sixth Amendment right:

Administrative segregation by the prison board is not an "arrest" or "accusal" for speedy trial purposes.... [T]he identifying indicia of an arrest are absent in the prison setting.

The prison discipline did not focus public obloquy upon appellants, did not disrupt their "employment" or drain appellants' financial resources. In short, it was not a public act with public ramifications, but a private act. Actual physical restraint may have increased and free association diminished, but unless we were to say that imprisonment *ipso facto* is a continuing arrest, these criteria bear little weight in the peculiar context of a penal institution where the curtailment of liberty is the general rule, not the exception.

641 F.2d at 787, quoting *United States v. Clardy,* 540 F.2d 439, 441 (9th Cir.), *cert. denied,* 429 U.S. 963, 97 S.Ct. 391, 50 L.Ed.2d 331 (1976). *See also United States v. Jackson,* 781 F.2d 1114 (5th Cir.), *cert. denied,* 476 U.S. 1174, 106 S.Ct. 2901, 90 L.Ed.2d 987 (1986).

■ Even though the Sixth Amendment right to a speedy trial was not triggered by

pretrial restraint, the Fifth Amendment Due Process Clause may be applicable to protect an accused against egregious trial delays. In *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), the Supreme Court, while refusing to supply any specific guidance, stated "that a 'tactical' delay ... 'incurred in reckless disregard of circumstances, known to the prosecution, suggesting that there exists an appreciable risk that delay would impair the ability to mount an effective defense'" would amount to a due process violation. *Id.* at 795 n.17, 97 S.Ct. at 2051 n. 17. We hold there was no violation of due process since no evidence has been presented to show an egregious pretrial delay or that appellant was unable "to mount an effective defense" due to the delay.

■ Finally, RCM 707 was not triggered in this case. RCM 707 provides that the accused shall be "brought to trial within" 120 days, after either notice to the accused of preferral of charges under RCM 308 (RCM 707(a)(1)) or "imposition of restraint under RCM 304(a)(2)-(4)" (RCM 707(a)(2)). As the Court of Military Review remarked, "The analysis does include specific comments and case citations holding that correctional custody for unrelated offenses does not start the speedy trial clock, but these are not dispositive of the appellant's assertion." 32 MJ at 960 (footnote omitted). RCM 707(a)(2) does not apply to administrative segregation of a person already in confinement, and RCM 707(a)(1)

does not apply because only 76 days elapsed from preferral of these charges.*

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (concurring in the result):

The issue granted review in this case was raised by appellant in his Supplement to Petition For Grant of Review. It states:

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY HOLDING THAT A POST–TRIAL CONFINEE CANNOT, AS A MATTER OF LAW, ALSO BE HELD IN "PRETRIAL RESTRICTION TANTAMOUNT TO CONFINEMENT" SO AS TO TRIGGER THE SPEEDY TRIAL CLOCK OF RULE FOR COURTS–MARTIAL 707.

This issue presents no constitutional or statutory question but only one calling for an interpretation of an executive regulation. Accordingly, judicial restraint dictates my abstention from commenting on these other questions.

Turning to this issue, I find the excellent opinion of the Court of Military Review dispositive. 32 MJ 959 (1991). Its reasoning and reliance on Federal case law is appropriate and is sufficient for affirmance in this case. *See United States v. Jackson*, 781 F.2d 1114 (5th Cir.), *cert. denied*, 476 U.S. 1174, 106 S.Ct. 2901, 90 L.Ed.2d 987 (1986); *United States v. Mills*, 641 F.2d 785 (9th Cir.), *cert. denied*, 454 U.S. 902, 102 S.Ct. 409, 70 L.Ed.2d 221 (1981).

---

* In computing the elapsed time do not count the first day, but count the last day. RCM 707(b)(1), Manual for Courts–Martial, United States, 1984.