**UNITED STATES**

v.

**Airman Basic Lawrence A. THOMAS, FV061–44–2841, United States Air Force.**

**ACM 30720.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 26 March 1993.

Decided 7 Nov. 1994.

Appellate Counsel for Appellant: Mr. James R. Klimaski (argued), Colonel Jay L. Cohen, Captain Robert I. Smith, and Mr. Jordan B. Yeager.

Appellate Counsel for the United States: Captain Jane M.E. Peterson (argued) and Colonel Jeffery T. Infelise.

Before DIXON, YOUNG, and PEARSON, Appellate Military Judges.

## OPINION OF THE COURT

DIXON, Chief Judge:

Appellant challenges his conviction on two grounds. He claims he was denied his right to a speedy trial. He also contends the evidence of his wrongful use of cocaine was insufficient to support a conviction. Finding appellant's conviction correct in law and fact, we affirm.

## I. FACTS

Contrary to his pleas, appellant was convicted on 26 March 1993 by a general court-martial, consisting of a military judge alone, of one specification of wrongful use of cocaine. His sentence of a bad-conduct discharge and confinement for 7 months was

approved as adjudged. Appellant's conviction was based on the results of a urinalysis taken while appellant was confined at the Philadelphia Naval Brig pursuant to a prior court-martial sentence.[1] The urinalysis was administered on 1 May 1992, one day after his entry into the facility. It was conducted pursuant to the regulations then in effect at the confinement facility which required new confinees to undergo urinalysis testing upon arrival.[2] Appellant provided the sample inside his cell and Petty Officer Carr was designated to observe him urinate directly into the bottle. The sample was recorded, taped and mailed to the drug lab in Norfork, Virginia for testing. On 2 June 1992, Air Force authorities at McGuire Air Force Base were notified the sample had tested positive for cocaine.

Because the Naval Brig is a short term confinement facility, appellant would normally have been transferred to an Air Force long term confinement facility when his initial court-martial sentence was approved on 28 July 1992. However, because of the positive urinalysis results, appellant remained in post-trial confinement at the Naval Brig while Air Force authorities considered additional court-martial charges. A charge of wrongful use of cocaine was preferred against appellant on 14 October 1992. At an Article 32 investigation hearing on 6 November 1992, appellant argued the charges were defective because his accuser had not been on active duty when he signed the charge sheet.[3] Because of the defective preferral, the charges against appellant were dismissed on 20 November 1992. The exact same charge was repreferred on 30 December 1992. Following an Article 32 investigation, appellant was eventually brought to trial on 24 March 1993, 84 days after the repreferral.[4] Appellant's conviction at that trial is now before us for review under Article 66(c), UCMJ, 10 U.S.C.A. § 866(c).

## II. SUFFICIENCY OF THE EVIDENCE

■ Appellant suggests the evidence was insufficient to prove, beyond a reasonable doubt, his wrongful use of cocaine. In support of his contention, he cites some discrepancies in the collection process, the faulty memory of Petty Officer Carr concerning whether he actually observed the taking of the sample, and possible defects in the testing of the sample. We find none of these claims persuasive. Minor deviations in the prescribed urinalysis collection procedures, the inability of the observer to recall in detail something he certified nearly a year earlier as having been accomplished, and unsupported claims about the inaccuracy of the sample testing do not make the evidence insufficient to support appellant's conviction of cocaine use. *United States v. Mack,* 33 M.J. 251 (C.M.A.1991); *United States v. Pollard,* 27 M.J. 376 (C.M.A.1989). Considering the evidence in the light most favorable to the prosecution, the factfinder could have found all the essential elements of the offense charged beyond a reasonable doubt. Moreover, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are ourselves convinced of appellant's guilt beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324, 324–25 (C.M.A.1987).

## III. SPEEDY TRIAL

Appellant claims he was denied his right to a speedy trial under R.C.M. 707, the Sixth Amendment, the Fifth Amendment, and Article 10, UCMJ, 10 U.S.C.A. § 810. We find no denial of speedy trial under any of these

---

1. Appellant was convicted on 30 April 1992 of multiple specifications involving the use of drugs, failures to go, and dishonorable failures to pay debts. He was sentenced to a bad conduct discharge, confinement for 27 months, and reduction to AB. Pursuant to that sentence, he was placed in post-trial custody at the Philadelphia Naval Brig on 30 April 1992.

2. OPNAVINST 5350.4B, 13 September 1990. Paragraph 5e(2) reads as follows: *Brig Prisoners: Testing is mandatory for all military personnel upon entry into the brig and bi-monthly thereafter to detect the entry and presence of any drugs within these controlled areas.*

3. The initial accuser was an air reserve technician not subject to the Uniform Code of Military Justice at the time of preferral.

4. The date of preferral is not counted but the day of arraignment is counted.

provisions. R.C.M. 707(a) provides that an "accused shall be brought to trial within 120 days after the earlier of: (1) preferral of charges [or] (2) the imposition of restraint under R.C.M. 304(a)(2)–(4)." Appellant argues both of these R.C.M. 707(a) prongs were violated. He contends he was placed in confinement on 31 July 1992 and not brought to trial until 24 March 1993, 236 days later. He further argues the government originally preferred charges against him on 14 October 1992 and trial did not occur until 161 days later. Unfortunately for appellant, his arguments are misplaced.

The R.C.M. 707 speedy trial clock is not triggered by post-trial confinement. The restraint prong of the 120–day rule only applies to pretrial restraint. R.C.M. 304. When appellant was placed in confinement on 31 July 1992, it was pursuant to the sentence adjudged at his earlier court-martial. *United States v. Vogan*, 35 M.J. 32 (C.M.A.1992). Similarly, appellant is entitled to no relief under the preferral of charges prong of the 120–day rule. The charges which were preferred on 14 October 1992 were dismissed on 20 November 1992. Charges were repreferred on 30 December 1992 and appellant was brought to trial on 24 March 1993, just 84 days after preferral.

We reject appellant's argument that the repreferral of charges on 30 December 1992 did not start a new speedy trial clock. Pursuant to Change 5 to the Manual for Courts–Martial (1984), which became effective on 15 November 1991, R.C.M. 707(b)(3)(A) provides:

If charges are dismissed, or if a mistrial is granted, a new 120–day time period under this rule shall begin on the date of dismissal or mistrial for cases in which there is no repreferral and cases in which the accused is in pretrial restraint. In all other cases, a new 120–day period under this rule shall begin on the earlier of

(i) the date of preferral;

(ii) the date of imposition of restraint under R.C.M. 304(a)(2)–(4).

We factually distinguish this case from the situation this Court faced in *United States v. Mickla*, 29 M.J. 749 (A.F.C.M.R.1989). In *Mickla*, we held the dismissal did not halt the running of the 120–day clock where the government dismissed with the intention of continuing to trial on the same charges. In that case, we held no "satisfactory reason" existed for the dismissal of the charges. Here, the dismissal was for a valid reason, namely that the preferral was defective. We further note that counsel for appellant at the Article 32, UCMJ, 10 U.S.C.A. § 832 investigation objected to the charges because of that defect. Furthermore, we believe Change 5 to the Manual establishes a new rule for the running of the speedy trial clock which postdates our holding in *Mickla*. Accordingly, to the extent that this decision is contrary to *Mickla*, that decision is rejected and will no longer be followed as precedent.

Appellant's contention that his rights to a speedy trial under the Sixth Amendment, the Fifth Amendment and Article 10, UCMJ, were violated is without merit. His rights to a speedy trial under the Sixth Amendment do not apply in this case because of appellant's post-trial restraint. *United States v. Vogan, supra* at 33. Appellant had already forfeited his freedom of movement and association as he was in prison when he committed the offense at issue. We hold there was no due process violation under the Fifth Amendment since we find no evidence of an egregious delay nor anything that suggests appellant was unable "to mount an effective defense" due to the delay. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), *United States v. Vogan, supra* at 34. We recognize that Article 10, UCMJ, establishes a more rigorous speedy trial standard than does the Sixth Amendment. *United States v. King*, 30 M.J. 59 (C.M.A.1990); *United States v. Powell*, 2 M.J. 6 (C.M.A.1976). However, that standard is inapposite for this review because appellant was never under pre-trial restraint for the charges now before us. *See United States v. Miller*, 2 M.J. 77 (C.M.A.1976).

Having examined the record of trial, the assignments of error, and the government's reply thereto, we conclude the findings are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was commit-

ted. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Judges YOUNG and PEARSON concur.