340

UNITED STATES, Appellee

v.

James J. REAP, Cryptologic Technician (Interpretive) Second Class, U.S. Navy, Appellant.

No. 93–1186.
CMR No. 90–0908.

U.S. Court of Appeals for the Armed Forces.

Argued Oct. 4, 1994.

Decided Jan. 31, 1995.

For Appellant: *Captain Hagen W. Frank,* USMC (argued); *James B. Reap* (on brief); *Captain Dwight H. Sullivan,* USMC.

For Appellee: *Lieutenant Commander David B. Auclair,* JAGC, USN (argued); *Colonel T.G. Hess,* USMC, and *Commander S.A. Stallings,* JAGC, USN (on brief); *Colonel J. Composto,* USMC.

*Opinion of the Court*

CRAWFORD, Judge:

1. In accordance with his conditional pleas, appellant was convicted of 2 specifications of disobeying certain provisions of the Department of the Navy's Security Manual by failing to safeguard classified documents and removing the documents from secure spaces, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892. The military judge, sitting alone, sentenced appellant to a bad-conduct discharge, confinement for 9 months, total forfeitures, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged. The Court of Military Review[1] affirmed the findings and the sentence, and denied reconsideration *en banc.* We granted review on the following issues:[2]

I

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY RELYING ON THE LAW OF THE CASE DOCTRINE IN DECLINING TO RULE ON APPELLANT'S SPEEDY–TRIAL CHALLENGE.

1. *See* 41 MJ 213, 229 n. * (1994).

2. Additionally, we granted review of an issue that in the interim has been decided adversely to appellant. *United States v. Mitchell,* 39 MJ 131 (CMA), *cert. denied,* —— U.S. ——, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994).

## II

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY DENYING APPELLANT'S SPEEDY–TRIAL CHALLENGE WHERE HOLDING THE GOVERNMENT ACCOUNTABLE FOR DELAY IN FILING AN ARTICLE 62 APPEAL WOULD RESULT IN A SPEEDY–TRIAL VIOLATION.

2. Because we hold that the period of delay for the Government's appeal under Article 62, UCMJ, 10 USC § 862 (1983), was properly excluded from the 120–day speedytrial requirement, we need not address Issue I.

### FACTS

3. Initial charges were preferred on December 4, 1986. Appellant's court-martial convened on June 1, 1987. After hearing evidence on a series of defense motions, the military judge suppressed all evidence seized at appellant's off-base apartment in Rota, Spain. The Government then filed an interlocutory appeal with the Court of Military Review under Article 62. The Court of Military Review reversed the military judge's decision, and we denied a petition to review that decision. 27 MJ 19 (1988). The court-martial then resumed on February 13, 1989.

### DISCUSSION

4. The timing of the Government's interlocutory appeal is the focus of our review. Appellant argues that the pretrial delay from June 10 through August 12, 1987, was unreasonable and not excludable under the 120–day rule of RCM 707, Manual for Courts-Martial, United States, 1984. This represents the time elapsed from the trial suppression ruling until the Government actually filed the notice of appeal at the Navy–Marine Corps Court of Military Review. If these 63 days are attributable to the Government and not excluded from the 120–day requirement of RCM 707, then the 120–day requirement would be violated and appellant would be

entitled to a dismissal of the charges because of a lack of a speedy trial. RCM 707(d).

5. While "five sources of the right to a speedy trial in the military" exist, *United States v. Vogan*, 35 MJ 32, 33 ¶ 5 (CMA 1992), appellant only alleges a violation of RCM 707.[3]

6. RCM 707(a) requires that an accused be brought to trial within 120 days from notice to the accused of preferral of charges or imposition of restraint. Appellant was notified of the charges on December 5, 1986. This notice starts the 120–day clock.

7. RCM 707(c) lists periods that shall be excluded when determining whether the 120–day period has run. One of these exclusions can be found in RCM 707(c)(1)(D), which states:

> Any appeal filed under RCM 908 unless it is determined that the appeal was filed solely for the purpose of delay with the knowledge that it was totally frivolous and without merit.

The appeal that may be filed under RCM 908 is an Article 62 appeal, which is a codification of the Government's right to appeal. We particularly find Article 62(c) dispositive when it states:

> Any period of delay resulting from an appeal under this section shall be excluded in deciding any issue regarding denial of a speedy trial unless an appropriate authority determines that the appeal was filed solely for the purpose of delay with the knowledge that it was totally frivolous and without merit.

Thus, under both Article 62(c) and RCM 707(c)(1)(D), the time for the Government's interlocutory appeal will be excluded from the 120–day requirement necessary under the speedy-trial rule, absent a showing that the appeal was made for purposes of delay and was frivolous and without merit. In *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986), the Supreme Court held that there was no speedy-trial violation even though it took

---

3. The version of RCM 707, Manual for Courts–Martial, United States, 1984, applicable to this case is that reflected in Change 2 to the Manual for Courts–Martial, which incorporated Executive Order No. 12550, 51 Fed.Reg. 6497 (Feb. 19, 1986).

over 5 years for the Court of Appeals to decide 2 appeals, 1 of which was expedited. Even the dissenters in *Loud Hawk* noted "that a nonfrivolous appeal by any party permits a *reasonable* delay in the proceedings." 474 U.S. at 325, 106 S.Ct. at 661 ¶ 44 (Marshall, J., dissenting).

8. Here appellant has failed to allege any basis to consider that this appeal was just a delaying tactic, frivolous, or meritless. In fact, the record reveals why there was a delay in the interlocutory-appeal process. Due to security-clearance requirements, the military judge was transferred from the United States to Rota, Spain, to try the case, and subsequently was returned to the United States once the court-martial was abated pending the Article 62 appeal. Thereafter, the military judge found it necessary in his view to go through the record of trial prior to authenticating it for transfer to the appellate court.[4] The Government contacted the military judge on two separate occasions concerning expediting this exercise, but ultimately the pace of this authentication process was in the hands of the military judge,

not the Government.[5] When we exclude the time for the appeal from the 120–day clock, we conclude that there has been no violation of RCM 707. Further, the delay period found here does not amount to an egregious or blatantly negligent trial delay or "a 'tactical' delay ... 'incurred in reckless disregard of circumstances, known to the prosecution, suggesting that there exists an appreciable risk that delay would impair the ability to mount an effective defense.'" *United States v. Vogan*, 35 MJ at 34 ¶ 8, *quoting United States v. Lovasco*, 431 U.S. 783, 795 n. 17, 97 S.Ct. 2044, 2051 n. 17, 52 L.Ed.2d 752 (1977). Finally, appellant does not allege a violation of his constitutional right to a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *United States v. Kossman*, 38 MJ 258 (CMA 1993).

The decision of the United States Navy–Marine Corps Court of Military Review dated May 7, 1993, is affirmed.

Chief Judge SULLIVAN and Judges COX, GIERKE, and WISS concur.

---

4. Appellant argues that, under RCM 1104(a)(2)(B), trial counsel himself should have authenticated the record and forwarded it with his appeal. We do not agree with appellant, however, that the circumstances of this case support a conclusion that the military judge here was not available to perform his authentication responsibility due to "death, disability, or absence," as that rule requires as a predicate for trial counsel to fill the void.

5. Rule 21(d)(1), Courts of Military Review Rules of Practice and Procedure, 22 MJ CXXXVI, gives trial counsel in an Article 62, Uniform Code of Military Justice, 10 USC § 862 (1983), appeal 20 days from the date written notice of the appeal is filed with the military judge to forward the appeal, together with the record of trial, to the appellate court. A provision in JAGINST 5800.7B, Manual of the Judge Advocate General

(JAGMAN), states: "In cases where undue delay would be encountered awaiting authentication, the trial counsel should forward an unauthenticated record of trial as soon as it is available." § 0131b(2), JAGMAN (Change 5, May 20, 1986). Appellant scores trial counsel for not falling back on the latter procedure in order to meet the requirements of the rule of the Courts of Military Review in a case in which the military judge's authentication would not be accomplished within 20 days. In our view, however, appellant should have made his complaint in this regard *during* the delay, via a petition for extraordinary relief in the Court of Military Review. As long as the process was in judicial hands and not in those of appellant's adversary, a sensible construction of Article 62(c) clearly places that period of time outside that which is charged to the Government for purposes of RCM 707.