# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.A. FISCHER, M.K. JAMISON**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**KEITH C. SALCIDO**
**AVIATION ELECTRICIAN'S MATE SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201300143**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 4 December 2012.
**Military Judge:** CDR John A. Maksym, JAGC, USN.
**Convening Authority:** Commander, U.S. Naval Forces Japan, Yokosuka, Japan.
**Staff Judge Advocate's Recommendation:** CDR T.D. Stone, JAGC, USN.
**For Appellant:** LT Jennifer L. Myers, JAGC, USN.
**For Appellee:** Maj David N. Roberts, USMC.

**20 February 2014**

---------------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, in accordance with his pleas, of one specification of receiving child pornography and one specification of possessing a computer containing images of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The specifications were pled under clause 2 of Article 134, and incorporated the definition of child pornography in 18 U.S.C. § 2256(8). The military judge sentenced the appellant to confinement for twenty-seven months,

forfeiture of all pay and allowances, a fine of $20,000.00, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority suspended all confinement in excess of eighteen months and disapproved the fine, but otherwise approved the sentence as adjudged and, except for the punitive discharge, ordered it executed.

The appellant raised the following four assignments of error: (1) That the Government violated the appellant's right to a speedy trial under the Fifth Amendment; (2) That the military judge committed plain error by not *sua sponte* declaring the receipt of child pornography alleged in Specification 1 of the Charge to be multiplicious with the possession of a computer containing images of child pornography alleged in Specification 2 of the Charge; (3) That the Government unreasonably multiplied the charges against the appellant by charging him with receiving and possessing the same child pornography; and, (4) That the military judge committed plain error in admitting a victim impact statement into evidence during the presentencing proceedings.

After consideration of the pleadings of the parties and the record of trial, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

**Background**

In the spring of 2010, the appellant was on leave visiting his parents at their home in Bakersfield, CA. During this visit the appellant used the peer-to-peer file sharing program LimeWire to search for and download child pornography onto his personal laptop computer. United States Immigration and Customs Enforcement (ICE) agents from the Department of Homeland Security (DHS), through monitoring peer-to-peer file sharing networks, identified the parents' Internet Protocol address as a location where child pornography was accessed. In June of 2010, ICE agents, in conjunction with local law enforcement personnel, executed a search warrant on the parents' residence and seized several computers; however, the forensic examinations on the seized computers revealed no child pornography. Additionally, the agents interviewed several of the appellant's family members who lived at the house. All denied involvement with child pornography and further denied any knowledge of any member of the household accessing child pornography. However, the

2

appellant's sister informed the agents that the appellant had visited while on leave from the Navy several months prior and during his visit he would go into the bathroom and use his personal laptop to connect to the wireless internet.

The investigating agent from ICE then contacted the Naval Criminal Investigative Service (NCIS) and requested that NCIS agents interview the appellant, who at the time was stationed aboard the USS GEORGE WASHINGTON (CVN 73) homeported in Yokosuka, Japan. Shortly thereafter, an NCIS special agent assigned to the ship interviewed the appellant; during this interview the appellant admitted to downloading and viewing child pornography videos on his laptop computer. The appellant also stated he disposed of the laptop after his father told him about the search conducted by ICE agents. The appellant consented to a search of his berthing space aboard the ship, in which nothing of evidentiary value was discovered.

Following the appellant's confession, DHS agents presented the case to the Assistant U.S. Attorney for the Eastern District of California, who declined prosecution. Similarly, California State prosecutors also declined to prosecute. Following these decisions, the DHS investigation was closed and in approximately July 2010 the ICE special agent so informed NCIS. Despite this notification, no further investigation or steps toward prosecution were taken for nearly two years. In May 2012, the appellant was preparing to transition from the Navy, and he contacted NCIS to inquire about the status of the investigation. The appellant's inquiry reenergized the investigation and ultimately resulted in the appellant's placement on legal hold and the preferral of charges against him on 9 July 2012.

**Analysis**

***Speedy Trial***

In a pretrial motion to dismiss, the appellant contended that preferral delay violated his right to a speedy trial.[1] The trial judge denied the motion and, thereafter, the appellant pled guilty. The appellant now contends the military judge erred in not finding the twenty-four-month delay in preferral

---

[1] The appellant alleged a denial of speedy trial under the Due Process Clause of the Fifth Amendment, as Sixth Amendment and Article 10, UCMJ, speedy trial protections do not apply to pre-accusation delays when there has been no restraint. *United States v. Reed*, 41 M.J. 449, 451 (C.A.A.F. 1995) (citing *United States v. Marion*, 404 U.S. 307 (1971) and *United States v. Vogan*, 35 M.J. 32 (C.M.A. 1992)).

constituted egregious delay and violated the appellant's right to a speedy trial under the Fifth Amendment Due Process Clause. The Government maintains the appellant waived this issue with his unconditional guilty plea or, in the alternative, that the delay did not amount a Fifth Amendment violation because it was not "intentional tactical delay" and the appellant was not prejudiced by the delay.

An unconditional plea of guilty waives any speedy trial issues under the Sixth Amendment and RULE FOR COURTS-MARTIAL 707, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *United States v. Tippit*, 65 M.J. 69, 75 (C.A.A.F. 2007) (citing *United States v. Mizgala*, 61 M.J. 122, 125 (C.A.A.F. 2005)). While *Tippit* and *Mizgala* did not specifically address Fifth Amendment speedy trial protections, the rationale for applying waiver to the accused's speedy trial right explicitly guaranteed under the Sixth Amendment would apply equally in a Fifth Amendment speedy trial analysis. Thus, we conclude that the appellant's unconditional guilty plea waived speedy trial issues under the Fifth Amendment.

Assuming arguendo that the appellant's unconditional guilty pleas did not waive his speedy trial right under the Fifth Amendment, we find the military trial judge properly denied the appellant's motion. The military statute of limitations, Article 43, UCMJ, is the primary protection against pre-accusation delay; however, the appellant's right to a speedy trial is also protected by the Due Process Clause of the Fifth Amendment. *United States v. Reed*, 41 M.J. 449, 451 (C.A.A.F. 1995). When relying on the protection of the Fifth Amendment, the appellant has the burden of proving an egregious or intentional tactical delay and actual prejudice. *Id*. at 452. Here, the appellant has failed to meet either requirement. The record contains no evidence to suggest that the Government delayed bringing charges against the appellant to gain a tactical advantage or to impair the appellant from presenting an effective defense. *See United States v. Vogan*, 35 M.J. 32, 34 (C.M.A. 1992). On the contrary the military judge found the delay was essentially the result of an oversight on the part of NCIS personnel to notify the appellant's command that federal and state civilian authorities declined to pursue charges against the appellant. As the military judge stated, "this was a classic case of the NCIS not keeping the command informed as to exactly what was happening, when it was happening." Record at 90. This oversight was only corrected when the appellant's inquiry to NCIS about the status of the investigation prompted action in moving the case forward. While the military judge

4

deemed this situation constituted "investigative incompetence," he did not find it amounted to egregious or intentional tactical delay.  We agree.

Assuming arguendo that the delay in preferral of charges was excessive, we find no actual prejudice to the appellant. Simply put, there is no evidence of record to suggest that the defense was inhibited by the delay, and any assertion to the contrary is purely speculative.  Finding that the appellant has not demonstrated actual prejudice to the preparation of his case arising from the delay in preferring charges against him, we find that the trial judge properly denied the appellant's motion to dismiss.

## *Multiplicity*

Pursuant to the terms of a pretrial agreement, the appellant unconditionally pled guilty to receipt of child pornography and possession of a computer containing images of child pornography.  The appellant now asserts these two specifications are multiplicious because the child pornography at issue is the same in each specification and the military judge used the same definition for both possession and receipt.

An unconditional guilty plea forfeits any issues of multiplicity unless the specifications are facially duplicative. *United States v. Campbell*, 68 M.J. 217, 219 (C.A.A.F. 2009); *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). Whether specifications are facially duplicative is a question of law reviewed *de novo*.  *United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004).  Specifications that are factually the same are facially duplicative.  *Id*.  Specifications are not factually the same if they each require proof of a fact the other does not. *United States v. Hudson*, 59 M.J. 357, 359 (C.A.A.F. 2004).  We review the entire record of the guilty plea to make this determination.  *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997).

Specification 1 alleged the appellant "knowingly and wrongfully receive[d] child pornography" while Specification 2 alleged the appellant "knowingly and wrongfully possess[ed] one computer containing images of child pornography."  It is apparent from the record that the child pornography at issue in each specification is the same.[2]  However, we find the appellant

_____

[2] The stipulation of fact (Prosecution Exhibit 1) states the appellant received (downloaded) twenty videos, however he possessed (downloaded and stored) twenty-one.  The discrepancy is not further explained and all other

intentionally retained some of the child pornography on his laptop computer, which distinguishes the possession offense from the receipt offense. As the appellant's brief points out, in his initial discussion with the military judge, the appellant stated he viewed and then deleted at least some of the child pornography videos:

> MJ: All right. What did you do with these videos once you found them?
>
> ACC: Once I found them, I would watch them. I might get sexual gratification from them and then I would delete them immediately because I was disgusted with myself, honestly, Your Honor.
>
> MJ: Okay. And what would happen next? What would you, what would, would any of these videos remain in your computer?
>
> ACC: Yes, Your Honor.
>
> MJ: To your knowledge, at the time?
>
> ACC: I would delete them and then I would just download them again, Your Honor.

Record at 186. However, the appellant later made it clear in his responses to the military judge that he intentionally kept and maintained some of the child pornography he downloaded:

> MJ: So you're possessing it, according to the definition I gave you, is that correct?
>
> ACC: Yes, Your Honor.
>
> MJ: All right. So you had a computer, and inside this computer now you were possessing these videos, is that correct?
>
> ACC: Yes, Your Honor.
>
> MJ: And that's how you interpret your understanding of the definitions and the elements that I've given you?

indications in the record suggest that the child pornography at issue is the same for both specifications.

6

```
ACC:  Yes, Your Honor.

                      . . . .

MJ:  All right.  And so you, once again, did you go
into the bathroom and download these materials?

ACC: Yes, Your Honor.

MJ:  And then you would take your computer wherever
you wanted in the house after downloading them but you
would, you kept them in the computer, is that correct?

ACC:  Yes, Your Honor.

                      . . . .

MJ:  And these 20 videos, you wanted to keep these on
your computer, is that correct?

ACC: Yes, Your Honor.

MJ:  And so they maintained themselves on your
computer, is that correct?

ACC:  Yes, Your Honor.

MJ:  And while you were placing these items in your
computer, would you ever go back and look at them
again?

ACC:  Yes, Your Honor.
```

Record at 195-98.  Receipt and possession offenses for the same child pornography are not facially duplicative when the material is received on one medium and stored on another.  *See United States v. Craig*, 68 M.J. 399, 400 (C.A.A.F. 2010).  Such exercise of control over the material constitutes a distinct *actus reus* to establish the separate possession offense.  Although the appellant in this instance did not transfer the child pornography he downloaded to a separate medium, his responses to the military judge's inquiry regarding his handling of the child pornography clearly indicate his intent to maintain the material on his computer so he could later access it.  This is separate and distinct from his initial action to receive the material and similarly establishes a separate *actus reus*.  Additionally, Specification 2 alleges as an element of that

offense the medium on which the appellant possessed child pornography, which distinguishes it from Specification 1. Accordingly, we find that the specifications are not factually the same, thus the military judge's failure to *sua sponte* declare them multiplicious was not error, much less plain error. *United States v. Powell*, 49 M.J. 460, 462-63 (C.A.A.F. 1998).

### *Unreasonable Multiplication of Charges*

The appellant avers for the first time on appeal that the Government unreasonably multiplied the charges against him by charging him with receiving and possessing the same child pornography.

The doctrine of unreasonable multiplication of charges stems from "those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001). In order to determine whether there is an unreasonable multiplication of charges, we apply the five-factor test set forth in *Quiroz*: (1) whether the accused objected at trial; (2) whether each charge and specification is aimed at distinctly separate criminal acts; (3) whether the number of charges and specifications misrepresents or exaggerates the appellant's criminality; (4) whether the number of charges and specifications unreasonably increases the appellant's punitive exposure; and (5) whether there is any evidence of prosecutorial overreaching or abuse in the drafting of the charges. *Id*. at 338. "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4).

The first *Quiroz* factor weighs against the appellant, since trial defense counsel failed to object at trial. The second and third factors also weigh against the appellant because the Government may properly charge him with separate offenses for receiving and possessing child pornography under our holdings in *United States v. Madigan*, 54 M.J. 518, 521 (N.M.Ct.Crim.App. 2000) and *United States v. Craig*, 67 M.J. 742, 747 (N.M.Ct.Crim.App. 2009), *aff'd*, 68 M.J. 399 (C.A.A.F. 2010). As we concluded above, the appellant's intent in maintaining child pornography on his computer for future access established a separate *actus reus* from his initial receipt of the material. Therefore, we conclude that the number of specifications under the charge did not misrepresent or exaggerate the appellant's criminality. As to the fourth factor, these separate offenses increased the appellant's punitive exposure, but not

unreasonably so.  Finally, we find that the Government's charging strategy in this case reflected a reasoned approach and was not overreaching.

In sum, all of the *Quiroz* factors weigh against the appellant.  We hold the military judge's acceptance of the appellant's guilty pleas to both receipt and possession of child pornography and his failure to merge the specifications for sentencing did not constitute plain error.

### *Presentencing Evidence*

During the presentencing portion of the trial, the Government offered a four-page statement from the victim in the "Vicky" video series into evidence.  Trial defense counsel did not object to its admission and the military judge received it into evidence.  Record at 213.  The appellant now avers that the military judge committed plain error by considering this victim impact statement.

Where no objection is raised at trial, an appellant may only prevail on appeal if he can show plain error.  MILITARY RULE OF EVIDENCE 103(d), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).  To obtain relief for plain error, the appellant must show that there was error, that the error was plain, and that the error materially prejudiced his substantial rights.  *See Powell* at 463 (citing *United States v. Olano*, 507 U.S. 725, 732-34 (1993)).

R.C.M. 1001(b)(4) provides that trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty.  We find sufficient connection between the appellant's offenses and the victim impact statement to support the military judge's decision to admit the evidence in aggravation.

Even assuming error, judges are presumed to be able to filter out inadmissible evidence, and presumed not to rely upon inappropriate evidence when making decisions as to guilt, innocence, or sentence.  *See United States v. Ellis*, 68 M.J. 341, 347 (C.A.A.F. 2010); *United States v. McNutt*, 62 M.J. 16, 25-26 (C.A.A.F. 2005) (Crawford, J., concurring in part and dissenting in part); *United States v. Robbins*, 53 M.J. 455, 457 (C.A.A.F. 2000).  Moreover, we find that the appellant has failed to establish any material prejudice to his substantial rights.

9

**Conclusion**

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court