# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2730

_____

United States of America

*Plaintiff - Appellee*

v.

Rashad A. Wearing

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 11, 2016
Filed: September 15, 2016
[Published]

_____

Before GRUENDER and KELLY, Circuit Judges, and ERICKSEN,[1] District Judge.

_____

PER CURIAM.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

Rashad Wearing, a federal prisoner at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City), was indicted on one charge of being an inmate in possession of a prohibited object, in violation of 18 U.S.C. §§ 1791(a)(2) and (d)(1)(B). After his motions to dismiss were denied, Wearing conditionally pleaded guilty, reserving his right to appeal the denials. The district court[2] sentenced him to six months' imprisonment to run consecutively to the term of imprisonment he was already serving. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

On April 24, 2013, while incarcerated at FCI-Forrest City, Wearing was found in possession of a five-inch plastic object with a handle wrapped in tape and a sharpened, pointed tip (shank). Wearing told prison officials he obtained the shank to protect himself against other inmates. He was placed in administrative segregation that same day. Wearing was indicted on a charge of possession of a prohibited object while an inmate of a prison on April 2, 2014. He filed two motions to dismiss the indictment: one based on an alleged violation of his speedy trial rights and one based on alleged deficiencies in the indictment.

The district court held a pretrial evidentiary hearing on the two motions on March 15, 2015. At the hearing, Special Investigative Services Agent Sutton and Investigative Specialist Flint testified. Both testified that an inmate is placed in administrative segregation at FCI-Forrest City if the inmate does something that jeopardizes the security of the institution in order to protect the safety of prison employees and other inmates. Agent Sutton testified that any time an inmate is found with contraband, he is placed in administrative segregation.

---

[2]The Honorable D. P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

Agent Flint testified that after an inmate is placed in administrative segregation, the inmate has a unit disciplinary committee hearing, usually within five days of the incident. Another hearing is held before a disciplinary hearing officer (DHO) to determine what sanctions to impose. Agent Flint further testified that he also refers cases involving contraband to the United States Attorney's Office for the Eastern District of Arkansas for a determination of whether the inmate should be criminally prosecuted. He referred Wearing's case on May 8, 2013, and the United States Attorney's Office accepted the referral that same day.

On March 20, 2015, the court issued an order denying the motion to dismiss the indictment based on the sufficiency of the indictment, concluding the indictment was sufficient to provide notice to the grand jury of what charge it was considering and to Wearing of what charge he faced. On April 21, 2015, the court denied the motion to dismiss based on speedy trial grounds. The district court ruled that placement in administrative segregation was not an arrest for purposes of the Speedy Trial Act and, utilizing the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), that any delay had not violated Wearing's constitutional right to a speedy trial.

## II.

On appeal, Wearing renews his speedy trial arguments. Wearing first alleges the government violated his right to a speedy trial under the Speedy Trial Act, 18 U.S.C. §§ 3161-3174. Wearing contends the district court erred by not dismissing the indictment because the government failed to indict him within thirty days of his "arrest"—that is, when he was placed in administrative segregation on April 24, 2013 for possessing a shank. *See* 18 U.S.C. § 3161(b) ("[A]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."). Section 3162(a) of the Speedy Trial Act provides that "[i]f, in the case of any individual against whom a complaint is filed charging

-3-

such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."

In reviewing a district court's denial of a motion to dismiss an indictment based on the Speedy Trial Act, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Herbst*, 666 F.3d 504, 509 (8th Cir. 2012). "The [Speedy Trial Act] does not define 'arrest' . . . ." *United States v. Piggie*, 316 F.3d 789, 795 (8th Cir. 2003). However, we have previously construed the term "arrest" in § 3161(b) "as an arrest where the person is charged with an offense." *United States v. Jones*, 676 F.2d 327, 331 (8th Cir. 1982); *see also United States v. Peterson*, 698 F.2d 921, 923 (8th Cir. 1982) (concluding "that the thirty-day arrest-to-indictment time limit does not commence until there is a pending criminal charge"). This is because § 3162(a)(1) does not provide a sanction "for delay in indictment unless a complaint has been filed." *Jones*, 676 F.2d at 329; *see also United States v. Abernathy*, 688 F.2d 576, 578 n.2 (8th Cir. 1982) (noting that post-*Jones*, Abernathy's detention would not be considered an "arrest" for purposes of triggering the thirty-day limitation of § 3161(b) because, although he was given his *Miranda* warnings and was not free to leave, no complaint was issued). Because Wearing was not charged by complaint or otherwise, his placement in administrative segregation on April 24, 2013 was not an arrest for purposes of § 3161(b).[3]

Wearing next asserts that the thirteen-month gap between when he was placed in administrative segregation on April 24, 2013 and his first trial setting date, May 27, 2014, violated his right to a speedy trial under the Sixth Amendment, and the

---

[3]We note that other circuits that have addressed the issue of whether being placed in administrative segregation constitutes an arrest for purposes of § 3161(b) have concluded that it is not. *See, e.g.*, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *United States v. Jackson*, 781 F.2d 1114, 1115 (5th Cir. 1986) (per curiam).

indictment should therefore have been dismissed under Federal Rule of Criminal Procedure 48(b). The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." Relatedly, Rule 48(b)(3) provides that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial." Like our review under the Speedy Trial Act, "[w]e review the district court's findings of fact on whether a defendant's [Sixth Amendment] right to a speedy trial was violated for clear error but review its legal conclusions de novo." *United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir. 2007). Furthermore, we may affirm on any basis supported by the record. *See United States v. Abadia*, 949 F.2d 956, 958 n.12 (8th Cir. 1991) ("[W]e may affirm a judgment on any ground supported by the record even if not relied upon by the district court . . . .") (quotations omitted), *cert. denied*, 503 U.S. 949 (1992). We review a district court's denial of a motion to dismiss the indictment under Rule 48(b) for an abuse of discretion. *United States v. Kitzman*, 520 F.2d 1400, 1402 (8th Cir. 1975).

"[T]he Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002). Wearing asserts his Sixth Amendment speedy trial rights attached when he was placed in administrative segregation. We disagree.

While we have not previously addressed this issue, we conclude that administrative segregation—which prisons use for a variety of safety and disciplinary purposes—is not an arrest under the Sixth Amendment. The two are different, as administrative segregation is "in no way related to or dependent on prosecution by the federal government" and is instead "a method of disciplining or investigating inmates who break prison regulations, of protecting certain inmates from members of the general population, and of providing a general cooling-down period for inmates involved in events that could disrupt the general population." *United States v. Duke*,

527 F.2d 386, 390 (5th Cir. 1976). Here, Wearing was placed in administrative segregation on April 24, 2013—the same day he was found in possession of a five-inch shank—for safety and disciplinary purposes. Prison officials referred Wearing's case to the U.S. Attorney's Office fourteen days later, on May 8, 2013.

Furthermore, other circuits have uniformly concluded that being held in administrative segregation pending criminal charges is not an arrest for purposes of the Sixth Amendment. *See United States v. Mills*, 641 F.2d 785, 787 (9th Cir. 1981) (quoting *United States v. Clardy*, 540 F.2d 439, 441 (9th Cir. 1976)); *accord United States v. Daniels*, 698 F.2d 221, 223 n.1 (4th Cir. 1983); *United States v. Blevins*, 593 F.2d 646, 647 (5th Cir. 1979) (per curiam); *United States v. Bambulas*, 571 F.2d 525, 527 (10th Cir. 1978). These opinions are persuasive, and we follow their reasoning.

Because we conclude that Wearing was not arrested when placed into administrative segregation, his Sixth Amendment speedy trial rights had not yet attached and were therefore not violated.[4] As a result, we likewise conclude the district court did not abuse its discretion in refusing to dismiss Wearing's indictment under Rule 48(b)(3). *See United States v. Carlson*, 697 F.2d 231, 235-36 (8th Cir. 1983) (holding that Sixth Amendment protection is activated only when a criminal prosecution has begun and, absent a Sixth Amendment violation, the court's refusal to dismiss indictment under Rule 48(b) not an abuse of discretion).

Wearing also contends the district court erred in denying his motion to dismiss based on the insufficiency of the indictment. Specifically, Wearing contends the indictment was fatally deficient because it failed to allege an essential element of 18 U.S.C. § 1791(d)(4)—that the offense occurred in a federal prison—as required under

---

[4]Wearing's speedy trial rights did not attach until he was indicted, and Wearing does not assert the time between when he was indicted, April 2, 2014, and the date his trial first was set, May 27, 2014, violated the Sixth Amendment or Rule 48(b)(3).

Federal Rule of Criminal Procedure 7(c).[5] The indictment in this case charged: "On or about April 24, 2013, in the Eastern District of Arkansas, . . . [Wearing], being an inmate of a prison, did possess a prohibited object . . . to wit: a five-inch plastic object with a handle wrapped with tape and a sharpened, pointed tip, in violation of Title 18, U.S.C. § 1791(a)(2) and (d)(1)(B)."

We review the sufficiency of an indictment *de novo*. *United States v. Hance*, 501 F.3d 900, 906 (8th Cir. 2007). The test for determining the sufficiency of an indictment is "whether it contains the elements of the offense intended to be charged," lets the defendant know "what he must be prepared to meet," and if "any other proceedings are taken against him for a similar offense . . . the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Debrow*, 346 U.S. 374, 376 (1953). An indictment is ordinarily sufficient if it "tracks the statutory language." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)).

Section 1791(d)(4) defines "prison" as a "[f]ederal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General." The district court denied the motion to dismiss the indictment for insufficiency because it found that the indictment was adequate to inform Wearing of the charge against him. As the district court noted, "The premise of the whole thing is that Mr. Wearing is in the Federal Bureau of Prisons facility at Forrest City. I just don't see any defect there, and to the extent there is any defect, it's at the margin and not dispositive." We agree. The indictment provides notice of the date the offense occurred, notifies Wearing that the offense occurred in a prison, and specified the prohibited object Wearing was accused of possessing. "[I]n view of these limitations

---

[5]Rule 7(c) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

we cannot say that [Wearing] could have failed to realize exactly what conduct the trial concerned." *United States v. Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011).[6]

For the reasons set forth above, we affirm the district court's denial of Wearing's motions to dismiss.

KELLY, Circuit Judge, concurring.

I concur in the court's opinion with one exception: As to the Sixth Amendment claim, I concur in the result only. The district court did not reach the issue of whether, for purposes of the Sixth Amendment right to a speedy trial, Wearing was arrested when he was placed in administrative segregation, and the parties did not fully brief this issue on appeal. Instead, the district court assumed an arrest, weighed the appropriate factors under Barker v. Wingo, 407 U.S. 514, 530 (1972), and concluded Wearing's right to a speedy trial was not violated. On this issue, I would affirm on the grounds relied on by the district court. I would leave for another day, in a case in which the issue is fully presented for our review, the question of whether being placed in administrative segregation may under any circumstances qualify for an arrest for purposes of an accused's right to a speedy trial pursuant to the Sixth Amendment.

————————————————

---

[6]Wearing also seems to argue the district court abused its discretion in not dismissing the indictment because the government did not present the fact that the offense occurred in a federal prison to the grand jury. To the extent Wearing is raising this issue, it is not sufficiently developed in his opening brief, so we deem it waived. *See Meyers v. Starke*, 420 F.3d 738, 742-43 (8th Cir. 2005) ("To be reviewable, an issue must be presented in the brief with some specificity. Failure to do so can result in waiver.").