# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3555
_____

Matthew Stephen Akins

*Plaintiff - Appellant*

v.

Daniel K. Knight; Steven Ray Berry; Brent Nelson; Kenneth Burton; City of Columbia; Boone County; Eric Hughes; Rob Sanders; Roger Schulde; Michael Palmer

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: June 8, 2017
Filed: July 25, 2017
[Published]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Over a period of years Matthew Akins had numerous encounters with police officers in Columbia, Missouri, and in 2015 Akins filed this lawsuit under 42 U.S.C. § 1983. The defendants are five police officers, three prosecutors, the city of Columbia, and Boone County (collectively the defendants). Akins alleges numerous

violations of his constitutional rights arising from these encounters. The district court[1] granted a motion to dismiss by some of the defendants and a motion for summary judgment by others. The court also denied Akins' motion for partial summary judgment and two motions seeking recusal of the judge assigned to his case. Akins appeals, and we affirm.

## I.

Between 2010 and 2013 Matthew Akins had many encounters with law enforcement officers who worked for the Columbia Police Department (CPD) in Columbia, Missouri. Some of these interactions resulted in charges filed against Akins by prosecutors for Boone County, Missouri; many were subsequently dismissed. Akins suggests that he was targeted by police and prosecutors in part because he had been working to document and report on police conduct through a group called Citizens for Justice (CFJ) which he had formed in 2010.

In 2015 Akins filed this lawsuit under 42 U.S.C. § 1983, alleging that his constitutional rights under the First, Second, Fourth, and Fourteenth Amendments had been violated by the defendants. Among other matters, Akins alleged that his rights had been violated by (1) a stop at a sobriety checkpoint in May 2010 resulting in his being arrested and (2) a stop for a traffic violation in June 2010 resulting in Akins being removed from his vehicle and handcuffed while his vehicle was searched. Akins also alleged that the defendants violated his rights by removing videos he had posted on the CPD Facebook page, by ordering him to stop filming the filing of a citizen complaint in the CPD lobby, and by posting in the police department a flyer with information about him.

---

[1] The Honorable Nanette Laughrey, United States District Judge for the Western District of Missouri.

Shortly after initiating this lawsuit Akins filed a motion seeking recusal of the district court judge assigned to the case. The district court denied the motion. Thereafter, the court granted a motion to dismiss filed by Boone County and the individual prosecutor defendants. A request for reconsideration of that decision by Akins was denied. He then filed a second recusal motion which was also denied. The individual police officer defendants and the city of Columbia subsequently moved for summary judgment, and Akins moved for partial summary judgment. The court granted the defendants' motion, but denied that of Akins. On appeal Akins argues that the district court erred by failing to recuse herself and by granting the defendants' motions to dismiss and for summary judgment.

II.

We first consider the district court's denial of Akins' recusal motions before turning to the motions to dismiss and for summary judgment.

A.

Akins argues that the district court erred, both by not transferring his recusal motions to another judge and by her denying them herself. Motions to recuse may be based on either of two federal statutes, see 28 U.S.C. §§ 144, 455, but under either statute the standard is the same: "recusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality," United States v. Gamboa, 439 F.3d 796, 817 (8th Cir. 2006). We review recusal decisions for abuse of discretion. United States v. Larsen, 427 F.3d 1091, 1095 (8th Cir. 2005).

Akins first argues that the district court judge erred by ruling on his recusal motions herself instead of assigning these motions to another judge for disposition. In support of his argument he quotes 28 U.S.C. § 144 which provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Akins argues that by failing to assign his recusal motions to another judge for disposition, the district court violated the statute's mandate that another judge be assigned to hear any proceeding in which an affidavit of bias has been filed.

Akins' argument is without merit. Taken as a whole, the plain text of § 144 mandates only that a district court judge ensure that another judge is assigned to any case in which a litigant has sufficiently alleged bias or prejudice, not that the recusal decision itself be rendered by a judge other than the judge to whom the motion is addressed. Our court as well as others have routinely affirmed recusal decisions rendered by the judge against whom the motion is directed. See United States v. Johnson, 827 F.3d 740, 745–46 (8th Cir. 2016); see also Doddy v. Oxy USA, Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996) ("If the issue of the judge recusing herself arises (either through a motion to recuse under § 455, an affidavit of prejudice under 28 U.S.C. § 144, or the judge's own motion), the judge may—at her option—transfer the matter to another judge for decision or determine it herself."). For these reasons, we reject Akins' argument that the district court erred by failing to transfer his recusal motions to another judge for decision.

Akins also contends that the district court erred by denying his motions to recuse on their merits. In his opening brief[2] Akins argues that recusal was warranted

---

[2] Akins presented other grounds for recusal to the district court, some of which were also listed in his statement of issues for appeal. The substance of his opening brief fails to present any meaningful argument about these alternative grounds, however, and we therefore conclude that Akins has waived review of them. See United States v. Wearing, 837 F.3d 905, 910 n.6 (8th Cir. 2016) (per curiam).

-4-

because: (1) the husband of the judge assigned to his case is the chair of a mayoral task force for defendant city of Columbia; (2) evidence relevant to Akins' case included a video report he made that was critical of the judge's actions in a different case; (3) his attorney once filed a judicial complaint against the judge in an unrelated matter; and (4) the judge was formerly a municipal judge for defendant city of Columbia. The district court did not abuse its discretion when it decided that none of these facts singly or in combination "would provide an objective, knowledgeable member of the public with a reasonable basis for doubting [the] judge's impartiality." Perkins v. Spivey, 911 F.2d 22, 33 (8th Cir. 1990).

First, although the judge's husband is connected to one of the defendants, Akins has not alleged that the relationship between the judge's husband and the defendant is of the kind that necessitates recusal. See, e.g., 28 U.S.C. § 455(b)(4)–(5) (mandating recusal when a judge's spouse is "an officer, director, or trustee of a party" or when her spouse has an "interest that could be substantially affected by the outcome of the proceeding," among other things). The mayoral task force chaired by the judge's husband has no discernible relationship to this case, nor is the topic being addressed by the task force at all implicated here. Under these circumstances a disinterested member of the public would not think that the judge's husband's association with a defendant calls into question the judge's impartiality. Cf. Sensley v. Albritton, 385 F.3d 591, 600 (5th Cir. 2004) (noting that "a relative's mere at-will employment relationship with an agency or law firm representing a party before a district court judge in a particular case is insufficient to require a judge to recuse himself"); Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1567–69 (Fed. Cir. 1989) (determining recusal not necessary in a case where a judge's son was employed by a party).

Second, the fact that Akins produced a report critical of the judge's ruling in a prior case does not mandate recusal even assuming that Akins' report would have been admissible evidence in this case. We have previously held that a litigant's

personal attacks on a judge do not necessarily require recusal.  See Isaacson v. Manty, 721 F.3d 533, 539–41 (8th Cir. 2013).  Moreover, other courts of appeals have noted that a rule that would require recusal any time a litigant has been critical of a judge would create perverse incentives and enable judge shopping.  See, e.g., United States v. Owens, 902 F.2d 1154, 1156 (4th Cir. 1990) ("Parties cannot be allowed to create the basis for recusal by their own deliberate actions.").

Finally, the third and fourth points Akins raises—that the judge could not be impartial because she was once a municipal judge for defendant city of Columbia and because Akins' attorney filed a judicial complaint against her in a previous case—were raised by Akins' counsel and rejected by our court in another case.  See Rodgers v. Knight, 781 F.3d 932, 943 (8th Cir. 2015).  These points thus also fail to establish that the district judge should have recused herself in this case.

We therefore conclude that the district court did not abuse its discretion in denying Akins' motions to recuse.

B.

Akins also argues that the district court erred by granting the motions to dismiss and for summary judgment filed by the defendants and by denying his own motion for partial summary judgment.  After careful de novo review, see Letterman v. Does, 789 F.3d 856, 858–59, 861 (8th Cir. 2015) (summary judgment standard); Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012) (motion to dismiss standard), we conclude that the district court did not err in its thorough and well reasoned opinions.  Accordingly, we affirm.  See 8th Cir. R. 47B.

III.

For the foregoing reasons, we affirm.

_____