# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3017
_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Alexander Davis, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 7, 2017
Filed: August 16, 2017
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury found Thomas Alexander Davis, III, guilty of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. Davis appeals from his conviction, arguing that the

district court[1] erred by denying his motion to dismiss the indictment on Speedy Trial Act grounds and by allowing him to proceed *pro se*. We affirm.

On February 11, 2015, the Federal Bureau of Investigation filed a criminal complaint in the Southern District of Iowa, alleging that Davis had robbed a FDIC-insured bank in Muscatine, Iowa, in November 2012. United States Marshals arrested Davis in Indianapolis, Indiana, that same day. Davis appeared before the United States District Court for the Southern District of Indiana on February 13, 2015, at which time he moved to continue the detention hearing. The court granted the motion and remanded Davis to the custody of the U.S. Marshals.

During a February 17, 2017, appearance, Davis requested new counsel and an identity hearing.[2] The court denied his request for new counsel and granted his request for an identity hearing, which was held on February 20, 2015. During the identity hearing, the court determined that Davis was the person named in the complaint. The court held Davis's detention hearing on February 26, 2015. It ordered that Davis be detained pending trial and that he be transported to Iowa.

On March 17, 2015, a federal grand jury in the Southern District of Iowa returned a one-count indictment charging Davis with bank robbery. A federal defender thereafter was appointed to represent Davis. Weeks later, the federal defender moved to withdraw as counsel at Davis's request.

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

[2]Rule 5(c)(3)(D) of the Federal Rules of Criminal Procedure provides that "the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces the warrant . . . ; and (ii) the judge finds that the defendant is the same person named [therein]."

During a May 18, 2015, hearing, a magistrate judge[3] granted the motion to withdraw and appointed attorney John Lane to represent Davis. Davis himself moved for the recusal of the magistrate judge. At Davis's request, Lane moved to withdraw as counsel on May 27, 2015. During a hearing two days later, Lane indicated that Davis believed that the court was biased and unfair because it had not allowed Davis to make his Speedy Trial Act argument during the previous hearing. The magistrate judge denied the recusal motion, denied Lane's motion to withdraw, and directed Lane to file a motion raising Davis's Speedy Trial Act argument.

Davis, through Lane, moved to dismiss the indictment. He argued, among other things, that the indictment was untimely because it was not returned within thirty days of his arrest, in violation of the Speedy Trial Act, 18 U.S.C. § 3161-3174. The district court denied the motion, concluding that the indictment was timely because several days were excluded for resolution of Davis's motion for an identity hearing and for transportation of Davis from Indiana to Iowa.

Davis thereafter mailed to the district court a handwritten motion seeking to remove Lane as counsel and to allow Davis to proceed *pro se*. The magistrate judge denied the motion. During a July 14, 2015, pretrial conference, Davis repeated his request to proceed *pro se*, noting, "I did not have a Faretta hearing." He also requested additional access to legal resources and the law library. The magistrate judge held a hearing pursuant to Faretta v. California, 422 U.S. 806 (1975), the next day. As set forth more fully below, the magistrate judge questioned Davis, warned him of the dangers of self-representation, and ultimately found that he had knowingly and voluntarily waived his right to counsel. The magistrate judge granted Davis's motion for self-representation and appointed Lane as standby counsel.

_____

[3]The Honorable Stephen B. Jackson, Jr., United States Magistrate Judge for the Southern District of Iowa.

Davis's trial began on February 8, 2016. He represented himself until the third day of trial, when he was removed from the courtroom after displaying obstreperous behavior. He requested that Lane assume his defense. The trial concluded on February 11, with the jury returning a guilty verdict, following which Davis was sentenced to life imprisonment.

On appeal, Davis argues that the district court should have granted his motion to dismiss the indictment because it was not returned within thirty days of his arrest, in violation of the Speedy Trial Act. Davis contends that the district court erred in calculating the excludable periods of delay and that it failed to determine whether the ends of justice were served by excluding those days. We review the district court's legal conclusions *de novo* and its factual findings for clear error. United States v. Wearing, 837 F.3d 905, 908 (8th Cir. 2016) (per curiam).

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense . . . be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3161(b). The Act allows, however, certain periods of delay to be excluded for purposes of calculating the thirty-day limit, "including but not limited to . . . delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion." Id. § 3161(h)(1)(D); see United States v. Moses, 15 F.3d 774, 777 (8th Cir. 1994) ("The period of excludable delay resulting from [a pretrial] motion includes both the date on which the motion was filed and the date on which the motion was decided."). The Act "specifically states that the periods of delay are 'including but not limited to,' thus creating in the statute the presumption that the scope of its enumerated delays are not to be interpreted narrowly." United States v. Hohn, 8 F.3d 1301, 1304 (8th Cir. 1993). Moreover, pretrial motions excludable under the Act "include *any pretrial motion* and are not limited to those enumerated in Federal Rule of Criminal Procedure 12(b)(2)." Id. at 1305.

Thirty-four calendar days elapsed between Davis's February 11, 2015, arrest and the March 17, 2015, return of the indictment. The district court correctly excluded four of those days—February 17, 18, 19, and 20—as delay resulting from Davis's motion for an identity hearing, which Davis had filed on February 17 and which was resolved on February 20. Because that delay resulted from a pretrial motion, those four days fall within the periods of delay excluded from calculation for purposes of the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D). We reject Davis's unsupported contention that the days must be counted because other matters were considered during the February 20 hearing. Because those four days are excludable, Davis's indictment was returned within thirty days of his arrest, and thus we need not consider the government's argument regarding additional excludable periods of delay.

Davis argues that the district court erred in failing to determine whether the ends of justice were served by excluding certain days from its Speedy Trial Act calculations. He argues that the district court was required to make such a determination under 18 U.S.C. § 3161(h)(7)(A), which excludes "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(7)(A) does not apply in this case, however, because the period of delay resulting from a pretrial motion under § 3161(h)(1)(D) is "automatically excludable, *i.e.*, [it] may be excluded without district court findings." See United States v. Porchay, 651 F.3d 930, 938 (8th Cir. 2011) (quoting Bloate v. United States, 559 U.S. 196, 203 (2010)).

Davis also argues that the district court erred in finding that he was competent to represent himself and that he knowingly and voluntarily waived his right to counsel. We review *de novo* a district court's decision to permit a defendant to proceed *pro se*. United States v. Ladoucer, 373 F.3d 628, 633 (8th Cir. 2009).

The Sixth Amendment guarantees that a criminal defendant "be afforded the right to assistance of counsel" and "implies a right of self-representation." Faretta v. California, 422 U.S. 806, 807, 821 (1975). To represent himself, a defendant must knowingly and intelligently waive the right to counsel. Id. at 835. "This standard is met if the trial court specifically informed the defendant of the dangers and disadvantages of self-representation, or if the entire record evidences the defendant knew and understood the disadvantages." Ladoucer, 373 F.3d at 633 (quoting United States v. Armstrong, 554 F.3d 1159, 1165 (8th Cir. 2009)). The court need not "ensure that the defendant is capable of representing himself as well as a trained and experienced lawyer." Id. (quoting United States v. Patterson, 140 F.3d 767, 774 (8th Cir. 1998)).

We conclude that Davis knowingly and intelligently waived his right to counsel. The magistrate judge advised Davis of his right to counsel and told him that he could represent himself only if he knowingly and voluntarily waived that right, explaining, "I want to make sure . . . that you're really aware of all the hazards and disadvantages of self-representation." The judge then asked several questions of Davis to determine whether he could proceed *pro se*. Davis told the judge that although he had not taken any law-related courses other than ethics, he held a bachelor's degree in organizational management, an associate's degree in biblical studies, and a one-year training certificate in business. He said that he was familiar "to a certain degree" with the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. Davis said that he understood that he would be required to follow the rules, but he also stated his belief that *pro se* litigants were given "certain leeway" with the Federal Rules of Evidence. Attorney Lane stated that he did not have any concerns with respect to Davis's mental competency. The magistrate judge then said:

> I need to advise you that, in my opinion[,] a trained lawyer would defend you far better than you can defend yourself, and I believe that it is unwise of you to try to represent yourself, as you are not as familiar with the law as an attorney would be, you are not as familiar with the court

procedure as an attorney would be, and you are not as familiar with the Rules of Evidence as an attorney would be. I strongly urge you not to try to represent yourself.

Now, in light of the penalty you may suffer if you're found guilty, in light of the difficulties of representing yourself, do you still desire to represent yourself and to give up your right to be represented by a lawyer?

Davis replied, "I do, Your Honor."

Davis argues that the magistrate judge should have determined that he was not competent to represent himself because Davis repeatedly brought up irrelevant issues or misguided arguments, he cited rules that do not apply in federal district court, and he believed that he would not be held to the same standards as a licensed attorney. Davis's statements revealed that he likely would fare better with attorney representation, but they did not render him incompetent to waive his right to counsel. We emphasize that "the competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." United States v. Miller, 728 F.3d 768, 773 (8th Cir. 2013) (alterations in original) (quoting United States v. Tschacher, 687 F.3d 923, 931 (8th Cir. 2012)). We conclude that Davis was competent to waive counsel.

Davis next argues that his waiver of counsel was not knowing because he did not understand that he would be required to adhere to the Federal Rules of Evidence, nor did he comprehend that he would not have the same access to resources that an attorney would have. Read in context, the two statements that Davis has quoted from the transcript of the Faretta hearing do not indicate that his waiver was unknowing. Davis indicated that he understood that he would have to abide by the Federal Rules of Evidence. When the magistrate judge reiterated that "they would not be relaxed for [his] benefit," Davis responded that *pro se* litigants are given certain leeway and not held to the same standard as an attorney, notwithstanding his having been twice told

-7-

by the magistrate judge that he would be required to comply with those rules. The record also makes clear that Davis understood that he would not have the same access to legal resources that an attorney might have. When Davis disagreed with the judge about whether he was given access to adequate legal resources, the judge responded, "There are disadvantage[s] to not being represented by an attorney. One of them is . . . in terms of legal research. We'll discuss when we're concluded with this colloquy what the circumstances are or arrangements for access to a law library or research." The record thus reflects that Davis knowingly waived his right to counsel.

Davis also argues that the district court should have renewed a Faretta inquiry during his trial because Davis clearly did not know how to represent himself. Davis points to his bizarre opening statement (during which he addressed the jury in six languages), his arguments with the court, his speaking objections, his improperly filed interlocutory appeals, his lack of understanding of how to subpoena witnesses, and his uniformly denied objections. Davis's argument is misplaced, however, because whether Davis competently represented himself is not for us to decide. See United States v. Smith, 830 F.3d 803, 810 (8th Cir. 2016) ("[F]rivolous behavior at trial is likely to result in an adverse jury reaction, but defendants have 'the right to represent themselves and go down in flames if they wish[], a right the district court [is] required to respect." (alterations in original)). We conclude that the district court was not required to renew the Faretta inquiry to consider for a second time whether Davis was competent to waive his right to counsel.

The judgment is affirmed.

_____