NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2409
_____

UNITED STATES OF AMERICA

v.

WILLIE DAVIS,
                    Appellant


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 4-16-cr-00138-001)
Honorable Malachy E. Mannion, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 6, 2018

BEFORE:  CHAGARES, SCIRICA, and COWEN, Circuit Judges

(Filed: April 3, 2018)
_____

OPINION*
_____


_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, <u>Circuit</u> <u>Judge</u>.

Willie Davis appeals from the criminal judgment entered by the United States District Court for the Middle District of Pennsylvania.  We will affirm.

I.

Davis was indicted for possessing contraband in prison in violation of 18 U.S.C. § 1791(a)(2) and (b)(3).  It was alleged that Davis, an inmate of the United States Penitentiary, Lewisburg, knowingly possessed a prohibited object, namely a weapon or an object designed to be used as a weapon.  The object was described as a sharpened piece of plastic, approximately eight inches in length, which was discovered attached to his body by a lanyard.

Davis elected to represent himself (and a federal public defender was appointed to serve as stand-by counsel).  Over the course of the proceeding, he filed numerous motions for relief, which were all denied or dismissed by the District Court.  In particular, Davis challenged the government's proposed jury instructions, specifically Government's Point for Charge No. 9 (which listed the elements of the crime) and Government's Point for Charge No. 10 (which defined "prohibited object").  The District Court overruled Davis's objections and incorporated the government's proposed language in its charge to the jury.  The District Court specifically instructed the jury on the elements of the offense:

> The elements of an offense which the United States must prove in order to establish the offense of possessing a prohibited object of contraband by a prisoner are:
>
> First:  That Willie Davis was an inmate of a prison;

2

> Second:  That Willie Davis knowingly possessed an object; and
>
> Third:  That the object is a prohibited object as described in the Indictment, that is, a weapon or object designed to be used as a weapon.

(Doc. #110 at 32.)  Furthermore, the District Court defined "prohibited object" for the

jury:

> Section 1791(d)(1)(B) defines 'prohibited object' to mean, in part, 'a weapon or an object that is designed or intended to be used as a weapon. What is a weapon is a question of fact for you alone to decide.  You can consider in reaching your determination any pertinent aspect of the item, including the general purposes for which the item can be used, whether the item had a legitimate purpose or practical function, the manner in which the item was carried, and other factors which you believe are important in reaching your conclusion.

(Id. at 34.)

The jury returned a guilty verdict, and the District Court sentenced Davis to 37

months' imprisonment (to be served consecutively to the current sentence imposed by the

United States District Court for the Western District of Tennessee).  It also dismissed his

motion to arrest judgment as frivolous.  Davis filed this pro se appeal.[1]

II.

---

[1]  Davis submitted a motion to hold the case in abeyance pending his return to USP Florence.  Because he subsequently filed a reply brief, we deny this motion as moot. He subsequently filed a motion to consolidate the document entitled "Petition for Rehearing En Banc" with his reply brief.  The Clerk had entered an order on February 22, 2018, stating that no action will be taken on the "Petition for Rehearing En Banc" because a decision has not yet been entered by the Court.  "If, however, Appellant wants the Court to consider the argument contained in the submission, he must file a motion requesting such.  The motion will then be forwarded to the merits panel for consideration."  (2/22/18 Order at 1.)  We deny Davis's motion to consolidate because this case has been fully briefed on the merits.

Davis, in particular, challenges the District Court's order overruling his objections to the government's proposed instructions.[2] Among other things, he argues that a number of constitutional errors occurred, the indictment failed to charge an actual offense, and the District Court lacked subject matter jurisdiction. According to Davis, "the 1986 amendments of 18 U.S.C. § 1791, codified in the Act of November 10, 1986, omitted the earlier enacted 18 U.S.C. § 1791(d)(1)(B) definition of prohibited object, which removed the prohibited object element under that definition and broadened § 1791(a)(2)'s substantive scope." (Appellant's Brief at 2.) Davis further asserts that "nothing in the text of 18 U.S.C. § 1791(a)(2) indicates that Congress intended to enact it as a means to execute U.S. Const. Art. III, § 1, and 18 U.S.C. § 1791 '(a)(2)(c)' gave the Appellant notice that his conduct is non-criminal." (Appellant's Reply Brief at 4.)

Initially, we conclude that Davis's jurisdictional assertions clearly lack merit. Given Article III, Section 1 of the Constitution ("The judicial Power of the United States, shall be vested . . . in such inferior Courts as the Congress may from time to time ordain and establish."), Congress possessed the power to establish the District Court. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of United States." 18 U.S.C. § 3231. "Providing or possessing contraband in prison" in violation of § 1791 constitutes an

---

[2] We have appellate jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. The government agrees that we exercise plenary review with respect to the issue of federal jurisdiction. In turn, this Court applies a plenary standard of review if the challenge to the jury instructions implicates a question of statutory interpretation. See, e.g., United States v. Schneider, 14 F.3d 876, 878 (3d Cir. 1994).

4

offense against the laws of the United States.  In turn, Congress clearly has the constitutional authority to regulate criminal behavior in a federal prison.  In fact, "Section 1791(d)(4) defines 'prison' as a '[f]ederal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General."[3]  United States v. Wearing, 837 F.3d 905, 910 (8th Cir. 2016) (per curiam) (rejecting argument that indictment failed to allege that offense occurred in federal prison).

Similarly, we must reject Davis's reading of § 1791 and its history.  This provision provides, inter alia, that whoever, "being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object" shall be punished by a fine under this title or imprisonment for not more five years or both "if the object is specified in subsection (d)(1)(B) of this section."  § 1791(a)(2), (b)(3).  Subsection (d)(1)(B) then defines "prohibited object" to mean, among other things, "a weapon (other than a firearm or destructive device), or an object that is designed or intended to be used as a weapon or to facilitate escape from a prison."  The 1986 amendments did not eliminate this specific definition or element of the offense.  In United States v. Holmes, 607 F.3d 332 (3d Cir. 2010), we actually construed the post-1986 version of § 1791 (the offense at issue occurred on April 10, 2007), id. at 333-38.  We made it clear that § 1791(d)(1)(B)

---

[3] We note that the indictment expressly alleged that Davis was an inmate of the United States Penitentiary, Lewisburg.  Incorporating the statutory definition of "prison," the District Court specifically instructed the jury that the United States must prove that Davis "was an inmate of a prison."  (Doc. #110 at 32; see also id. at 31 (explaining that District Court has taken judicial notice that United States Penitentiary, Lewisburg, is a federal prison and that jury may but is not required to treat this fact as proven).)

"covers, among other things, 'weapon[s] (other than . . . firearm[s] or destructive device[s]).'" Id. at 334 (footnote omitted). According to Holmes, "Section 1791(d)(1)(B) defines 'prohibited object' to mean, in part, 'a weapon (other than a firearm or destructive device), or an object that is designed or intended to be used as a weapon.'" Id. at 336; see also, e.g., id. at 335 ("[Section 1791(a)(2)] provides that '[w]however[,] being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object [,] shall be punished as provided in [§ 1791(b)].'"). In this case, the indictment appropriately alleged that Davis knowingly possessed a prohibited object, "that is, a weapon or an object designed to be used as a weapon, specifically a sharpened piece of plastic, approximately eight-inches in length, which was discovered attached to his body by a lanyard." (Doc. #1 at 1.) The government's proposed instructions as well as the jury instructions given by the District Court then properly tracked the applicable statutory language.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.