# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-3148

———————————————

Ana Carolina Garcia-Perez

*Petitioner*

v.

Merrick B. Garland

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: September 23, 2022
Filed: December 13, 2022
[Unpublished]

——————————

Before LOKEN, BENTON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Ana Garcia-Perez petitions for review of a Board of Immigration Appeals decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny her petition for review.

I.

Garcia-Perez is a citizen of El Salvador. By her account, while living in El Salvador, the MS-13 gang murdered her partner after he refused to pay their demanded "rent." When Garcia-Perez later opened her own business, MS-13 returned to extort money, assault her, and threaten her and her children.

In response to these threats, Garcia-Perez entered the United States without authorization. The Department of Homeland Security began removal proceedings. Garcia-Perez requested asylum, withholding of removal, and protection under the CAT, arguing that she qualified for asylum on account of her membership in a cognizable social group.

An Immigration Judge denied her requests, and Garcia-Perez appealed to the BIA. On her asylum claim, the BIA agreed with the IJ that Garcia-Perez's proposed social group of "female business owners" was not cognizable because it lacked particularity and social distinction. And even if she had identified a cognizable social group, Garcia-Perez had not shown a nexus between the social group and any harm she experienced or fears. Because Garcia-Perez had not satisfied the lower burden of proof for asylum, she also did not meet the higher burden required for withholding of removal. See Ngugi v. Lynch, 826 F.3d 1132, 1139 (8th Cir. 2016). The BIA also denied her CAT claim.

Garcia-Perez petitions for review of the BIA's decision.

II.

Garcia-Perez did not sufficiently develop her CAT claim on appeal, so we consider it waived. See United States v. Wearing, 837 F.3d 905, 910 n.6 (8th Cir. 2016) (per curiam). We address only Garcia-Perez's challenges to the denial of her asylum and withholding of removal.

To qualify for asylum, Garcia-Perez must be "unable or unwilling to return" to El Salvador "because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1).[1] "On account of" means that Garcia-Perez must show a nexus between the persecution she experienced or fears and her membership in a cognizable social group. See Gonzalez Cano v. Lynch, 809 F.3d 1056, 1059 (8th Cir. 2016); Mohamed v. Ashcroft, 396 F.3d 999, 1003 (8th Cir. 2005).

We review the agency's determination that an alien is not eligible for asylum or withholding of removal under the deferential substantial evidence standard. Degbe v. Sessions, 899 F.3d 651, 655 (8th Cir. 2018). That means the BIA's decision that Garcia-Perez is not eligible for asylum can only be reversed if "the evidence not only *supports* that conclusion, but *compels* it." INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

We find it unnecessary to reach the question of whether female business owners are a cognizable social group because Garcia-Perez has failed to establish a nexus between social group membership and any harm she experienced or fears. To evaluate nexus, we look at the persecutor's motives—why they sought to inflict harm. See Elias-Zacarias, 502 U.S. at 483. Even assuming that Garcia-Perez is a member of a cognizable social group, she has not shown that her membership was "at least one central reason" for the harm she experienced or fears. 8 U.S.C. § 1158(b)(1)(B)(i). Simply put, "the evidence does not connect the two." Elias-Tajiboy v. Garland, No. 20-3327, 2022 WL 1931527, at *1 (8th Cir. June 6, 2022) (per curiam).

---

[1]The burden of proof is higher for withholding of removal under INA § 241(b)(3), requiring a "clear probability" of persecution. Guled v. Mukasey, 515 F.3d 872, 881 (8th Cir. 2008).

The record does not support the conclusion that MS-13 sought to harm Garcia-Perez for any reason other than extortion. It certainly does not compel the conclusion that MS-13 targeted Garcia-Perez *because* she was a female business owner. Although El Salvador may struggle with gang violence, "asylum and refugee laws do not protect people from general conditions of strife, such as crime and other societal afflictions." M-E-V-G-, 26 I. & N. Dec. 227, 235 (BIA 2014). Harassment "for extortionate purposes" does not create eligibility for asylum. Kanagu v. Holder, 781 F.3d 912, 918 (8th Cir. 2015).

## III.

Because Garcia-Perez has not shown that the record compels the conclusion that the harm she experienced or fears is on account of her membership in a cognizable social group, her claims for asylum and withholding of removal fail. And because Garcia-Perez has not met the lower burden of proof for asylum, she also has not met the higher burden required for withholding of removal.

The BIA made a reasonable decision based on the evidence in the record. The petition for review is denied.

_____