# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2414
_____

Domeneque D. Taylor

*Plaintiff - Appellant*

v.

Little Rock Police Department, Northwest Substation, Southwest Division; 12th St. Substation; Kenton Buckner, Police Chief, Little Rock Police Department; Antonio McNutt, Police Officer, Little Rock Police Department; Keith Creemens, Police Officer, Little Rock Police Department; Don Hampton, Police Sgt., Little Rock Police Department; David Fulton, Police Sgt., Little Rock Police Department; Adam Gortney, Police Officer, Little Rock Police Department; Paige Cline, Police Officer Detective, Little Rock Police Department (2018); Rick Harmon, Police Officer Detective, Little Rock Police Department; Steve Dodge, Police Officer, Little Rock Police Department (Professional Standards); Robert Mourot, Police Sgt., Little Rock Police Department (Internal Affairs Investigator); Emmanuel R. Estrada, Police Officer, Little Rock Police Department; Dennis Swinford, Police Officer, Little Rock Police Department; Jonathan Gonzalez, Police Officer, Little Rock Police Department; Gregory Birkhead, Police Officer, Little Rock Police Department; Joshua Hardin, Police Officer, Little Rock Police Department

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: November 15, 2023
Filed: November 30, 2023
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Domeneque Taylor appeals following the district court's[1] dismissal of her pro se 42 U.S.C. § 1983 action for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).  Upon careful review, we affirm.

We find no abuse of discretion in the district court's decision to stay the case pending the resolution of Taylor's related state-court criminal charges.  See Younger v. Harris, 401 U.S. 37, 43-46 (1971) (federal courts should abstain from exercising jurisdiction in cases requesting equitable relief where granting such relief would interfere with pending state proceedings); Minn. Living Assistance, Inc. v. Peterson, 899 F.3d 548, 551 (8th Cir. 2018) (standard of review).  We also find that the court did not abuse its discretion in issuing an order that voided Taylor's outstanding discovery requests, or in dismissing the action with prejudice after she violated the order.  See Jackson v. Allstate Ins. Co., 785 F.3d 1193, 1202 (8th Cir. 2015) (standard of review; no abuse of discretion in granting protective order for defendants where plaintiff sent dozens of untimely requests to admit disputed facts, and frivolous nature of many requests indicated they were designed to annoy and burden defendant); Smith v. Gold Dust Casino, 526 F.3d 402, 404 (8th Cir. 2008) (standard of review; court may dismiss action if plaintiff fails to comply with court order).

Further, we find the court did not abuse its discretion in denying Taylor's motions under Federal Rule of Civil Procedure 60.  See Murphy v. Mo. Dep't of Corr., 506 F.3d 1111, 1117 (8th Cir. 2007) (movant must show by clear and convincing evidence that adverse party engaged in fraud or other misconduct that

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

prevented him from fully and fairly presenting his case); <u>Harley v. Zoesch</u>, 413 F.3d 866, 870 (8th Cir. 2005) (standard of review).  Finally, the court did not abuse its discretion in denying Taylor's post-judgment disqualification motions.  <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute valid basis for finding of bias); <u>Akins v. Knight</u>, 863 F.3d 1084, 1086 (8th Cir. 2017) (per curiam) (standard of review).

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____